IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JOSHUA DAVID WILSON**                                                                 **PLAINTIFF**

V.                              **CASE NO. 5:20-CV-05139**

**JUDGE ROBIN GREEN,**
**Benton County Division 1 Circuit Court;**
**STATE OF ARKANSAS;**
**BENTON COUNTY, ARKANSAS;**
**SHERIFF SHAWN HOLLOWAY; and**
**BENTONVILLE, ARKANSAS**                                                               **DEFENDANTS**

## OPINION AND ORDER

Plaintiff Joshua D. Wilson, who is currently an inmate of the Benton County Detention Center ("BCDC"), has filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.    BACKGROUND

According to the Complaint (Doc. 1), Plaintiff missed a court appearance in Benton County on October 7, 2019. A failure to appear ("FTA") warrant was issued. Plaintiff maintains that he missed the Benton County court appearance because he was already incarcerated in Carroll County on another FTA warrant.

On December 10, 2019, Plaintiff alleges he was falsely imprisoned on the Benton County FTA. Plaintiff maintains he should have been released when he proved he

1

missed the court appearance because he was in jail in Carroll County. He names as Defendants on this claim Judge Robin Green, the State of Arkansas, Benton County, Sheriff Shawn Holloway, and Bentonville, Arkansas.

Plaintiff also maintains that he was held on excessive bail from December 12, 2019 to April 24, 2020. He names as Defendants on this claim the State of Arkansas, Benton County, "Judges for both," and Sheriff Holloway. *Id.* at 5. Although he does not name him as a Defendant, Plaintiff mentions that his public defender failed to do his job and provide verification that he was incarcerated in Carroll County.

Finally, Plaintiff contends he has been denied his right to a speedy trial. Plaintiff alleges he was arrested on a probation revocation charge on June 10, 2019. He alleges the court date for the probation revocation has been continued five times, four of the continuances occurred prior to the pandemic. On this claim, he names as Defendants the State of Arkansas, Benton County, Judge Robin Green, and Sheriff Shawn Holloway.

As relief, Plaintiff asks to be compensated for all property he lost during his incarceration. He also asks for both compensatory and punitive damages.

## II.  LEGAL STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on

2

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) each defendant acted under color of state law, and (2) that he violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

#### A.   Claims Against Judge Green

Judge Green has presided over the criminal proceedings brought against the Plaintiff. Judges are generally immune from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"). Judicial immunity is only overcome in two situations: (1) if the challenged act is non-judicial, and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his

authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.") (internal citations omitted).

The only allegations Plaintiff has made against Judge Green are that she did not handle the case in the manner Plaintiff thought it should be handled and set bail too high. Clearly, Plaintiff has made no allegations that Judge Green took any actions that were non-judicial or taken without jurisdiction. Therefore, Plaintiff's claims against Judge Green fail as she is immune from suit.

### B.   Claims Against the State of Arkansas

Plaintiff's claims against the State of Arkansas must be dismissed. States and state agencies are not persons subject to suit under § 1983. *Howlett v. Rose*, 496 U.S. 356 (1990); *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "This bar exists whether the relief sought is legal or equitable." *Williams v. Missouri*, 973 F.2d 599, 599–600 (8th Cir. 1992) (citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986)). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 342 (1979)).

### C.   False Imprisonment Claim

Plaintiff does not allege that either the FTA warrant or the parole revocation warrant were invalid. He alleges that he is still awaiting trial on the parole revocation charge. Arrest pursuant to a facially valid warrant does not violate the Fourth Amendment. *Peterson v. City of Pine River*, 36 F. Supp. 3d 843, 853 (D. Minn. 2014). The court set bail, but Plaintiff apparently did not have the funds to post bail and, therefore, has remained in the detention center. "The sort of unlawful detention

remediable by the tort of false imprisonment is detention *without legal process."* *Wallace v. Kato*, 549 U.S. 384, 389 (2007) (emphasis in original) (citations omitted). Plaintiff's false imprisonment claim fails as he is being lawfully detained.

### D.     Excessive Bail Claim

It is the judge who determines bail. A judge's decision in setting bail is entitled to "great deference." *Harris v. United States*, 404 U.S. 1232 (1971). When setting bail in Arkansas, the judge considers the following factors: employment status, family relationships, past and present residence, character, the nature of the charges and likelihood of conviction, and the defendant' s prior criminal record. Ark. R. Crim. P. 9.2. The amount of bail rests in the reasonable discretion of the court. *Foreman v.* State, 317 Ark. 146 (1994). As discussed above, Judge Green is immune from suit. Because Defendants Benton County, Sheriff Shawn Holloway, and the City of Bentonville were not involved in setting Plaintiff's bail, no claim is stated against them.

### E.     Speedy Trial Act Claim

The remedy for alleged speedy trial violation is the filing of a motion to dismiss the charge in the appropriate court. Ark. R. Cr. P. 28.1. Benton County, the City of Bentonville, and Sheriff Holloway were not involved in any way in the application of the Arkansas Rules of Criminal Procedure dealing with a speedy trial. No cause of action is stated against them.

### IV.     CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendants are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

**The dismissal of this case constitutes a strike pursuant to 28 U.S.C.**

§ 1915(g). The Clerk is DIRECTED to place a § 1915 strike flag on the case.

IT IS SO ORDERED on this 25th day of September, 2020.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE